UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN CAULTON, et al.,

                Plaintiff,                Case No.2:16-cv-13163

v.                                                  Hon. Sean F. Cox

RICK SNYDER,

                Defendant.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING THE COMPLAINT AND CERTIFYING THAT AN APPEAL COULD NOT BE TAKEN IN GOOD FAITH

This matter is before the Court on its own review of Michigan prisoners Benjamin Caulton, Jabar Evans, and Benjamin Carters' *pro se* civil rights complaint. Plaintiff Caulton is incarcerated at the Bellamy Creek Correctional Facility in Ionia, Michigan, and Plaintiffs Evans and Carter are incarcerated at the Cooper Street Correctional Facility in Jackson, Michigan. All three defendants assert they are incarcerated as a result of criminal sexual conduct convictions.

The complaint alleges that Michigan's criminal sexual conduct laws are unconstitutional because they allow a criminal defendant to be convicted based solely on the testimony of the victim without requiring corroborating medical evidence. Plaintiffs also allege that the criminal sexual conduct laws are being interpreted to allow victims to "change their story," and that they are also being applied in a way that violates double jeopardy. Plaintiffs allege that Defendant, the Governor of the State of Michigan, is responsible for the enforcement of the allegedly unconstitutional laws. Plaintiffs seek "immediate release along with payment of five million dollars to each Plaintiff." Dkt 1, at 4.

1

**I. LEGAL STANDARD**

Plaintiffs have been granted leave to proceed without prepayment of the filing fee for this action. The Prison Litigation Reform Act of 1996 requires federal district courts to screen a prisoner's complaint and to dismiss the complaint if it is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams, Sr.*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

**II. ANALYSIS**

Plaintiffs' complaint alleges that the criminal statutes that led to their state convictions are unconstitutional, and that their convictions must therefore be invalidated.

Plaintiffs' claims are barred by the favorable-termination requirement set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). Under the *Heck* doctrine, a state prisoner may not file a § 1983 suit for damages or equitable relief challenging his conviction or sentence if a ruling on the claim would render the conviction or sentence invalid, until and unless the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Id*. at 486-87; *Wilkinson v.*

*Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)— no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration."). This holds true regardless of the relief sought by the plaintiff. *Heck*, 512 U.S. at 487-89. The underlying basis for the holding in *Heck* is that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. If Plaintiffs were to prevail on their claims concerning the validity of their criminal proceedings, their convictions and continued confinement would be called into question. Consequently, such claims are barred by *Heck* and must be dismissed. This dismissal is without prejudice. See *Hodge v. City of Elyria*, 126 F. App'x 222, 223 (6th Cir. 2005) (holding that a case dismissed pursuant to Heck should be dismissed without prejudice so that plaintiff may re-assert claims if plaintiff obtains reversal or expungement of convictions).

### III. CONCLUSION & ORDER

Accordingly, **IT IS ORDERED THAT** the complaint is summarily dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) because the claims are barred by *Heck v. Humphrey*.

**IT IS FURTHER ORDERED THAT** an appeal from this order would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 443-45 (1962).

**IT IS SO ORDERED.**

Dated:  October 24, 2016                                  s/ Sean F. Cox
                                                                                   Sean F. Cox
                                                                                  U. S. District Judge

I hereby certify that on October 24, 2016, the foregoing document was served on counsel of record

via electronic means and upon Benjamin Caulton via First Class mail at the address below:

Benjamin Caulton #246805
Bellamy Creek Correctional Facility
1727 West Bluewater Hwy
Ionia, MI 48846

                                                  s/ J. McCoy
                                                  Case Manager